UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| THE AMALGAMATED SUGAR COMPANY LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>MIKE JOHANNS, SECRETARY OF AGRICULTURE AND UNITED STATES DEPARTMENT OF AGRICULTURE, )<br><br>Defendants, )<br><br>and )<br><br>AMERICAN CRYSTAL SUGAR COMPANY, )<br><br>Applicant for Intervention. ) | Case No. 06-167-S-EJL<br><br><br>**ORDER** |

Pending before the Court in this matter is American Crystal Sugar Company's ("American Crystal") Motion to Intervene as a Defendant.  Appearances were as noted in the record.  The motion is made pursuant to Federal Rule of Civil Procedure 24 seeking both intervention of right and permissive intervention.  The Plaintiff and Defendants have filed non-oppositions to the motion.  (Dkt. Nos. 20, 21).  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and

**ORDER FOR INTERVENTION - 1**

because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2).

## Discussion

Under Rule 24(a), an applicant is entitled to intervention as of right if a property interest claimed by the applicant may as a practical matter be impaired or impeded by the lawsuit's adjudication and the applicant's interest is inadequately represented by existing parties.  The Ninth Circuit has articulated a four-part test to aid the court in determining when intervention of right is permitted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006) (citation omitted). Rule 24(a) is construed liberally in favor of potential intervenors.  Id. Permissive Intervention is governed by Rule 24(b) which provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**ORDER FOR INTERVENTION - 2**

The question of permissive intervention under Rule 24(b) is "whether the applicants to intervene assert a claim or defense in common with the main action."  <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1110 (9th Cir. 2002).  If a common question of law or fact is shown, intervention is discretionary with the court.  <u>Id.</u> at 1111.  In exercising such discretion the court should consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  <u>Id.</u> at n. 10.

The Court concludes that intervention by American Crystal is proper.  The motion is timely and as, the motion states, this case is in the preliminary stages such that the intervention would not delay nor prejudice either existing party.  More importantly, American Crystal's interest in the matter presents common questions of law and fact. American Crystal's interests in the USDA's approval of their purchase of assets from Pacific Northwest Sugar Company and the resulting transfer of the market allocation is the very transaction challenged by Plaintiff in this action.  The outcome of this action has direct and substantial implications on American Crystal which are distinct from those of the named Defendants.  Having reviewed the record in this matter and based upon the arguments of counsel and upon all the files and proceedings herein, the Court finds intervention in this matter by American Crystal is appropriate.

**ORDER**

THEREFORE IT IS HEREBY ORDERED that American Crystal Sugar Company's motion to intervene (Dkt. No. 12) is **GRANTED**.

**ORDER FOR INTERVENTION - 3**



DATED:  **September 7, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER FOR INTERVENTION - 4**